**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PETER M. VAN ZANTEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KANSAS CITY LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Case No. ___________<br><br>(Removed from the Circuit Court of Jackson County, Missouri; Case No. 2516-CV04172) |

**NOTICE OF REMOVAL**

TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Kansas City Life Insurance Company ("Defendant" or "KCL"), by and through its undersigned counsel, hereby removes to this Court the putative state court class action originally filed in the Circuit Court of Jackson County, Missouri, styled *Peter M. Van Zanten v. Kansas City Life Insurance Company*, Case No. 2516-CV04172.

**A. Background.**

1. On or about February 12, 2025, plaintiff filed a purported class action lawsuit against KCL in the Circuit Court of Jackson County, Missouri ("the State Court Putative Class Action").

2. On or about February 13, 2025, a copy of the Summons and Petition in the State Court Putative Class Action was served on KCL. [State Court Putative Class Action Docket Entry attached hereto as Exhibit 1].

3. A copy of all process, pleadings, and orders served on KCL in the State Court Putative Class Action is attached hereto as Exhibit 2.

4. In his Petition, plaintiff alleges that KCL imposes cost of insurance charges and expense charges on owners of Century II variable life insurance policies in excess of the amounts authorized by their express terms. [Ex. 2, Pet. at ¶¶ 1, 72, 76].

5. Plaintiff asserts claims on behalf of himself and: (1) a putative class of: "[a]ll persons who own or owned a Century II variable life insurance policy issued in Arizona, Colorado, Illinois, North Carolina, Pennsylvania, Texas, or Washington, that was issued or administered by Defendant, or its predecessors in interest" and (2) a sub-class of "[a]ll persons who own or owned a Century II variable universal life insurance policy issued in Washington, that was issued or administered by Defendant, or its predecessors in interest." [*Id.* at ¶ 5].

6. On the basis of the foregoing and other allegations in the Petition, plaintiff asserts causes of action against KCL for breach of contract and conversion. [*Id.* at ¶¶ 65-91]. Among other requests for relief, plaintiff seeks damages in an amount to be proven at trial and prejudgment and post-judgment interest. [*Id.* at Prayer for Relief]. Plaintiff also seeks attorneys' fees and costs. [*Id.* at Prayer for Relief, ¶¶ (e)-(f)].

7. KCL does not concede that any of plaintiff's allegations constitute a cognizable cause of action under applicable law and expressly reserves its right to challenge the Petition following removal.

8. This Notice of Removal is properly directed to this Court in accordance with 28 U.S.C. § 1446(a), as it is the United States District Court embracing the Circuit Court of Jackson County, Missouri, where the State Court Putative Class Action was filed and is pending.

9. On the basis of Plaintiff's petition, this action is removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

10. The issues raised in Plaintiff's petition have already been litigated, and there are long judicial records dealing with the parties in this case. In a substantially similar action to the one here, *Sheldon v. Kansas City Life Ins. Co.*, No. 19-CV-00899-SRB, 2020 WL 8270387 (W.D. Mo. Jan. 15, 2020), KCL attempted to remove another putative state court class action involving its variable life insurance policies to federal court under the Securities Litigation Uniform Standards Act ("SLUSA"). The plaintiff in *Sheldon* was a Missouri resident who ultimately represented a Missouri-only class of policy holders.

11. In *Sheldon*, the Court found that removal was not appropriate under SLUSA because it was a breach of contract action, rather than an action solely involving a covered security. *Id.* at *2. Therefore, this action, which involves claims for breach of contract and conversion based on the same policies at issue in *Sheldon*, must be removable under the Class Action Fairness Act ("CAFA").

**B. The Notice of Removal is Timely.**

12. KCL timely filed this Notice of Removal under 28 U.S.C. § 1446(b)(3) as it is being filed within 30 days after receipt by KCL, through service, of the Summons and Petition in the State Court Putative Class Action.

13. Pursuant to 28 U.S.C. § 1446(d), KCL is filing a written notice of this removal with the clerk of the Circuit Court of Jackson Couty, Missouri, where the State Court Putative Class Action is pending.

14. Copies of this Notice of Removal and the written notice of same provided to the clerk of court where the State Court Putative Class Action is pending, are also being served upon plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

**C. The Court has Original Subject Matter Jurisdiction Under the Class Action Fairness Act.**

15. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction over Plaintiff's claims under the CAFA, 28 U.S.C. § 1332(d). The action is removable to this Court under both 28 U.S.C. § 1441 and § 1453, and KCL also invokes all other grounds for removal that exist under applicable law.

16. Under CAFA, federal jurisdiction exists over class actions where (i) minimal diversity exists (*i.e.*, where at least one member of a putative class of plaintiffs is a citizen of a State different from at least one defendant), 28 U.S.C. § 1332(d)(2)(A); (ii) there are at least 100 putative class members, *id.* § 1332(d)(5)(B); and (iii) there exists an amount in controversy of at least $5 million, exclusive of interests and costs, *see id.* § 1332(d)(6). This action satisfies all of CAFA's requirements.

**a. This Case Qualifies as a Class Action.**

17. This case qualifies as a "class action" under CAFA. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that the case is a "class action under Missouri Rule of Civil Procedure 52.08." [Ex. 2, Pet. at ¶ 5]. Actions seeking class treatment under Missouri Rule of Civil Procedure 52.08 are class actions for purposes of CAFA. *See Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017) ("Thus, because Rule 52.08 is undisputedly analogous

to Rule 23, we conclude that this action was 'filed under' a state-law analogue to Rule 23 and is a class action for purposes of CAFA jurisdiction.").

**b. There is Minimal Diversity.**

*18.* The minimal diversity requirement is met here. Under CAFA, diversity of citizenship is established where "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A), (C). For purposes of 28 U.S.C. § 1332(d), a corporation is a citizen of both its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c); *see also Union Pac. R. Co. v. 174 Acres of Land Located in Crittenden Cnty., Ark.*, 193 F.3d 944, 945 (8th Cir. 1999).

19. Plaintiff is a citizen and resident of the State of Washington. [*See* Ex. 2, Pet. at ¶ 10]. KCL's place of incorporation is Missouri, and its principal place of business is located in Kansas City, Missouri. [*See Id.* at ¶ 11]. Thus, for diversity purposes, KCL is a citizen of Missouri. Because Plaintiff's citizenship differs from KCL's citizenship, diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2).

**c. The Amount in Controversy is Satisfied.**

20. CAFA's amount in controversy requirement is also met. To determine the amount in controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). To calculate that amount, the district court must "add[] up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

21. To satisfy the amount in controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

22. The damages alleged in the Petition include the amounts of all unauthorized cost of insurance charges and expense charges for all past and present owners of a Century II variable life insurance policy issued by KCL in Arizona, Colorado, Illinois, North Carolina, Pennsylvania, Texas, and Washington. [*See* Ex. 2, Pet. at ¶¶ 5, 90]. Taking the sales of these policies in conjunction with: (1) previous verdicts on these types of claims in the millions, including a verdict in the *Sheldon* matter, referenced throughout the Petition, of over $2 million for the state of Missouri alone; and (2) plaintiff's attempt to represent a class covering seven states and a statewide class, the CAFA's jurisdictional minimum requirement of $5 million is clearly implicated through damages alone. *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 921 (11th Cir. 2019) (Finding that removal of a class action was proper and the jurisdiction threshold was met pursuant to CAFA where the plaintiffs alleged the cost of insurance rates considered factors other than those disclosed in the policies).

**d. The Minimum Threshold of Putative Class Members is Satisfied**

23. Finally, CAFA's numerosity requirement is satisfied. Plaintiff has alleged claims on behalf of a putative class containing members from Arizona, Colorado, Illinois, North Carolina, Pennsylvania, Texas, and Washington who own or owned a Century II variable life insurance policy issued by KCL and a putative sub-class of such Washington policy owners, which Plaintiffs

specifically allege a "number in at least the hundreds." [Ex. 2, Pet. at ¶¶ 5, 66]. Thus, the potential number of class members easily exceeds the CAFA threshold of 100 members. 28 U.S.C. § 1332(d)(5).

24. All requirements of CAFA jurisdiction are satisfied and removal to this court is proper under existing law.

**D. No Exceptions to the Class Action Fairness Act Apply.**

25. Plaintiff claims that there is no federal diversity jurisdiction because the securities exception to CAFA applies. [Ex. 2, Pet. at ¶ 16]. However, this action does not *solely* involve a claim concerning a covered security, as required by the exception. *See* 28 U.S.C. § 1332(d)(9). As Plaintiff is aware, this is a breach of contract and conversion action, rather than a claim *solely* concerning a covered security. *See Sheldon v. Kansas City Life Ins. Co.*, No. 19-CV-00899-SRB, 2020 WL 8270387, at *2 (W.D. Mo. Jan. 15, 2020) (order granting Plaintiff's Motion to Remand after finding that removal pursuant to SLUSA was not appropriate where "[a] fair reading of the Petition reveal[ed] that [it] [wa]s a contract claim and […] simply allege[d] that [Kansas City Life] charged Plaintiff some amount not authorized in the contract.").

26. Although the Eighth Circuit has not addressed the scope of § 1332(d)(9), other courts have held that this exception is limited in scope and does not cover "any and all claims that relate to any security." *Est. of Pew v. Cardarelli*, 527 F.3d 25, 31 (2d Cir. 2008). The Second Circuit has stated it perhaps more clearly than any other Circuit: "this language was intended to differentiate claims based either on the terms of the instruments that create and define securities or on the duties imposed on persons who administer securities, from claims based on rights arising from independent sources of state law." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 28–29 (2d Cir. 2010) (internal quote marks and citation

omitted); *see also Himmel v. Bucyrus Int'l, Inc.*, Case No. 10-C-1104, 2011 WL 13216971, at *2 (E.D. Wisc. Aug. 23, 2011) (holding this exception does not apply because "the source of plaintiff's right is a creature of state law and not a claim arising under securities law which would create the necessary nexus for eligibility under the CAFA exception"); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 341 (4th Cir. 2019) ("Generally, a claim based on "an extrinsic provision of state law" is not within the securities-related exception[.]")

27. It is undisputed that the putative class's claims all arise from independent sources of state law, and seek to assert rights under that state law, rather than any securities law. [Ex. 2, Pet. at ¶¶ 68 (referencing "the law in the class states" under which the putative class asserts its state-law breach of contract and conversion claims)].

28. Additionally, the Second Circuit has explained that the question under § 1332(d)(9) is whether the Plaintiffs "sought to enforce their rights not as holders, but as purchasers" of the relevant securities. *Greenwich*, 603 F.3d at 29 (citing *Cardarelli*, 527 F.3d at 27). If Plaintiffs' rights arise from their purchase of a security, the CAFA exception does not apply. *Cardarelli*, 527 F.3d at 29.

29. Here, Plaintiffs bring suit solely as purchasers. [Ex. 2, Pet. at ¶¶66 (identifying all class members as those who "purchased life insurance policies"); 70 (defining class as all individuals who "purchased policies")].

30. Even notwithstanding the covered security exception under CAFA, the Supreme Court has instructed that CAFA should not be read so literally so as to deprive federal courts of jurisdiction over the type of "interstate class action of national importance" that Congress intended to place in federal court. *Standard Fire Ins. v. Knowles*, 568 U.S. 588, 595 (2013); *accord Dominion*, 928 F.3d at 343 (4th Cir. 2019) (holding that § 1332(d)(9) exemption did not apply

where interstate claims were of national importance). Given the extensive history of other federal class actions involving this same issue, [Ex. 2, Pet. at ¶ 8], and Plaintiff's effort to address these claims across multiple states, it is clear that this case involves the exact sort of class action of national importance that should be heard in a federal court.

31. Finally, in the *Sheldon* trial, counsel for plaintiffs, who are also representing the plaintiff in this case, repeatedly stated that the case was just about a "breach of contract" and argued that counsel for KCL should not be able to use the word "security", call the contracts at issue, "securities", or introduce any evidence of the "security regulations". [Sheldon March 31, 2023, Pretrial Transcript at 169:22-170:20, attached hereto as Exhibit 3]. Plaintiff cannot use their argument as both a shield and a sword to argue simultaneously that (1) there is no covered security at issue in this case for purposes of SLUSA removal; but that (2) CAFA removal should be prohibited due to the exception for covered securities [Ex. 2, Pet. at ¶16]; and that (3) at trial, Defendant cannot refer to the contracts as securities or to the security regulations that govern the products [Ex. 3, 170:6-13 ("Now, Kansas City Life wants to call these contracts securities. It sounds like they want to call the policyholder the investor. It's just confusing. The security portion of the product **is not the basis for the claims**. We're not suggesting that there's a 10b-5 violation here. **The claim is a breach of contract claim and the contract is a life insurance policy.**")]. [Emphasis added]. Either the contracts are not covered securities subject to the CAFA exception, as Plaintiffs have strenuously argued in the years of litigation prior to the filing of this lawsuit, or they are, and are therefore subject to removal under SLUSA.

32. If this court determines that the contracts at issue in this case are covered securities under CAFA, then the case must be removable under SLUSA, because "allegations of excessive charges, hidden loads and concealment clearly amount, at the least, to an allegation that Defendant

omitted facts in connection with the purchase of securities." *Freeman Invs., LP v. Pac. Life Ins. Co.*, No. SACV081134DOCANX, 2009 WL 10659771, at *4 (C.D. Cal. Mar. 5, 2009) (holding that SLUSA applied to a class action involving variable universal life policies, deemed to be covered securities, because the court "discerned that Plaintiff's alleged breach of contract claims, in fact, stem from allegations that Defendant made misrepresentations and omissions.") (emphasis in original). Plaintiffs here likewise allege excessive charges and hidden factors that Defendant imposed [Ex. 2, Pet. at ¶ 71]. And in a virtually identical filing made in this Court on the same day the instant petition was filed, Plaintiff directly alleged fraudulent concealment of identical facts from policyholders, with no explanation for the difference between the otherwise identical allegations in the complaints save for the desire to avoid SLUSA removal through artful pleading.[1] *Compare Van Zanten v. Kansas City Life Ins. Co.*, Case No. 25-cv-00095 ("*Van Zanten I*"), Dkt. 1 at ¶ 70-72 (asserting that information was "affirmatively and fraudulently concealed") *with* Ex. 2, Pet. at ¶¶ 60-61 (asserting identical allegations as those contained in *Van Zanten I* but removing the allegations regarding concealment).

33. For these reasons, the State Court Putative Class Action is within the removal jurisdiction of this Court under CAFA.

**WHEREFORE**, Defendant respectfully removes to this court the State Court Putative Class Action for all further proceedings.

[1] Further to this point, the Court in the *Sheldon* trial allowed, over KCL's objection, the jury to be instructed pursuant to Jury Instruction Numbers 2, 10, and 13, all of which emphasized that it had been determined by the Court that KCL was prohibited "from using undisclosed, non-mortality factors in determining the cost of insurance rates", and "from including undisclosed expenses in the cost of insurance charge". Given the prior determination that the case was not removable pursuant to SLUSA, KCL argued that these references had no place in a breach of contract action and served to further prejudice KCL. [Exhibit 4, September 22, 2023, Jury Instructions]. Again, if the securities exception to CAFA applies, then case must be removed pursuant to SLUSA.

Dated: March 12, 2025

Respectfully submitted,

**SQUIRE PATTON BOGGS, LLP**

By: /s/ *Traci L. Martinez*
Traci L. Martinez (MO Bar # 67628)
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2700
Facsimile: +1 614 365 2499
Email: traci.martinez@squirepb.com

John W. Shaw (MO Bar # 26205)
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: +1 816 561 7007
Facsimile: +1 816 561 1888
Email: tjshaw@berkowitzoliver.com

*Attorneys for Defendant Kansas City Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2025, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system. I hereby certify that I have also mailed by United States Postal Service the foregoing document to the following:

Patrick J. Stueve
Lindsay Todd Perkins
Ethan M. Lange
David A Hickey
Stueve Siegel Hanson LLP
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
stueve@stuevesiegel.com
perkins@stuevesiegel.com
lange@stuevesiegel.com
hickey@stuevesiegel.com

John J. Schirger
Joseph M. Feierabend
Schirger Feierabend, LLC
4520 Main Street, Suite 1570
Kansas City, MO 64111
schirger@SFlawyers.com
feierabend@SFlawyers.com

*Attorneys for Plaintiff Peter M. Van Zanten*

*/s/ Traci L. Martinez*
Traci L. Martinez

*Attorney for Kansas City Life Insurance Company*